THOMPSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1913. Rehearing Denied May 21, 1913.)

No. 2,246.

CRIMINAL LAW (§ 1218*)—IMPRISONMENT — PLACE — LENGTH OF SENTENCE —CUMULATION.

Rev. St. § 5541 (U. S. Comp. St. 1901, p. 3721), provides that, where any person convicted of any offense against the United States is sentenced to a term longer than a year, the court may order the sentence executed in any state jail or penitentiary within the district or state where the court is held, the use of which is allowed by the state authority. Held, that where accused was convicted on two counts of violating the White Slave Traffic Act (Act Cong. June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

St. Supp. 1911, p. 1343]), and was sentenced to one year's imprisonment on the first count, and to 6 months' imprisonment on the second count, to run successively, the two sentences in legal contemplation were but a single sentence for 18 months, and hence the court was authorized to require that the term be served in a penitentiary.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3320–3328; Dec. Dig. § 1218.*

Computation of cumulative sentences, see note to United States v. Carpenter, 81 C. C. A. 196.]

In Error to the District Court of the United States for the First Division of the Northern District of California; Wm. C. Van Fleet, Judge.

A. C. Thompson was convicted of violating the White Slave Traffic Act (202 Fed. 346), and he brings error. Affirmed.

Sea & Fallon, both of San Francisco, Cal., for plaintiff in error.

John L. McNab, U. S. Atty., and Benjamin L. McKinley, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and MORROW, Circuit Judges, and WOL-VERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was convicted on two counts of an indictment charging him with the violation of the act of Congress of June 25, 1910 (36 Stat. 825, c. 395 [U. S. Comp. St. Supp. 1911, p. 1343]), commonly known as the "White Slave Traffic Act." He was sentenced to be imprisoned in the penitentiary for the term of one year on the first count, and for a term of six months on the second count, the term of imprisonment on the second count to commence at the expiration of the term of imprisonment on the first count.

It is contended that the court below had no authority to direct that the terms of imprisonment be served in a penitentiary. The act under which the plaintiff in error was convicted declares the offense with which he is charged to be a felony, and provides that one guilty thereof shall, upon conviction, be punished by a fine not exceeding $5,000 or by imprisonment of not more than five years, or by both such fine and imprisonment. Section 5541 of the Revised Statutes (U. S. Comp. St. 1901, p. 3721), provides that:

"In every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the Legislature of the state for that purpose."

In the case of In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107, the crimes committed by the petitioner were not declared to be felonies. The petitioner had been convicted on two indictments. Upon conviction on one, he was sentenced to imprisonment for one year, and upon the other he was sentenced to imprisonment for six months, the term of imprisonment on the latter sentence to commence at the date of the expiration of the first. The Supreme Court held

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that, where the statute prescribing the punishment does not require that the accused shall be confined in a penitentiary, the punishment cannot be executed by confinement therein except in cases where the sentence is for a period longer than one year. In Re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149, the petitioner having been found guilty of an offense not by statute declared to be a felony, was sentenced to imprisonment in the penitentiary for the period of one year. The court, following the Mills Case, held that the trial court was without jurisdiction to pass such a sentence. This court, in Mitchell v. United States, 196 Fed. 874, 116 C. C. A. 436, following the decisions just quoted, held that where a prisoner was convicted under a statute prescribing the punishment as a fine or imprisonment or both, and the sentence was for one year only, the trial court was without authority to order his confinement in a government penitentiary.

But it is said that those decisions are rendered inapplicable to the present case by reason of the provisions of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [U. S. Comp. St. Supp. 1911, p. 1687]), which went into effect on January 1, 1910, section 335 of which provides:

"All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors."

The argument is that the offense of which the plaintiff in error was convicted, being made a felony, not only by the terms of the act which defines it, but by section 335 just quoted, is punishable by imprisonment in a penitentiary, whether the sentence imposed provides for imprisonment for a longer or shorter term than one year. It is true that section 335 is the first statute of the United States which defines a felony. In Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89, it had been held that crimes punishable by imprisonment for a term of years at hard labor are infamous crimes, within the meaning of the fifth amendment, or, in other words that they were felonies. And in Mackin v. United States, 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909, the court held that a crime punishable by imprisonment in a state prison or penitentiary, with or without hard labor, is an infamous crime.

But, when it is determined that the offense of which the plaintiff in error here was convicted is a felony, not all is said that bears upon the question with which we have to deal. Section 5541 remains unrepealed, and we are not shown how its terms are affected by the definition of a felony which is found in the new Criminal Code. The provisions of section 5541 were not based upon any distinction between felonies and misdemeanors. It was a statute to prescribe the place of imprisonment for crimes, whether misdemeanors or felonies. The determining factor was to be the length of the sentence, and that alone. If the sentence were for a longer period than one year, the place of imprisonment was a penitentiary; otherwise, it was a jail.

But we think the judgment is sustainable on the ground that the two sentences imposed should, in legal contemplation, be regarded as a single sentence. In Dimmick v. Tompkins, 194 U. S. 540, 24 Sup.

Ct. 780, 48 L. Ed. 1110, there had been a conviction on two counts, and a single sentence of imprisonment for two years in the penitentiary was imposed. It was contended that the sentences were in legal effect two, each for one year. But there was nothing in the record to show that a separate sentence of one year each was imposed on conviction on each count, and the court held the sentence valid on the ground that it might have been imposed upon one count only. The court, however, said:

"Although for some purposes the different counts in an indictment may be regarded as so far separate as to be in effect two different indictments, yet it is not true necessarily and in all cases."

If there is any conceivable case in which it is not true, it is a case such as that which is now before us. The first count of the indictment charged the plaintiff in error with transporting and causing to be transported, and aiding and assisting in obtaining transportation for, a woman from Hot Springs, Ark., to San Francisco, for the purpose of prostitution. The second count charged him with procuring and aiding and assisting in procuring a railway ticket for the woman to travel from Hot Springs, Ark., to San Francisco. Both counts charge substantially the same acts, and the commission of the same offense. The decision in the Mills Case is not controlling here, for the reason that in that case there were two separate convictions on different indictments charging two distinct and different offenses.

The judgment is affirmed.