### SHAPLEY v. CAHOON.

#### (Circuit Court of Appeals, First Circuit. February 11, 1919.)

#### No. 1384.

HABEAS CORPUS ⊕〜53—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION—PLEADING.

A petition for habeas corpus *held* not to state facts sufficient to give a federal court jurisdiction to interfere with the action of a state court, on the ground that it was in violation of the federal Constitution.

Appeal from the District Court of the United States for the District of Massachusetts.

Petition by Sarah Chandler Shapley against Elisha H. Cahoon for writ of habeas corpus. From a decree denying the writ, petitioner appeals. Remanded.

Henry C. Attwill, Atty. Gen. of Massachusetts, and Max L. Levenson, Asst. Atty. Gen. of Massachusetts, for respondent.

Before BINGHAM and ANDERSON, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. This case involves a petition for a writ of habeas corpus, which was denied in the court below and is here on appeal. The arguments before us proceeded upon broad lines, and upon the general theory that the Massachusetts statutes, and the court proceedings thereon, offend the federal Constitution in respect to the right of due process of law. We think, however, that the petition does not disclose with sufficient particularity anything which would warrant this court in interfering with the proceedings in the state court. Neither the allegations as to the state laws, nor in respect to the pro-

ceedings in the state court, are sufficiently apt to justify federal interference.

As said in King v. McLean Asylum, 64 Fed. 325, 12 C. C. A. 139, 26 L. R. A. 784, the petition does not set out in detail anything touched by the federal laws or Constitution, and does not state facts giving the federal court jurisdiction.

The District Court was therefore right in dismissing the petition. But in proceedings which concern questions of personal liberty, liberal opportunities should be given for amendment. This case, therefore, should be remanded to the District Court, where there will be freedom for the exercise of discretion in respect to any motions for amendment which may be presented.

The motion for leave to amend, presented to us since the case was submitted, is not received for the files, and the petitioner may withdraw it from the clerk without prejudice, as we have not considered its merits. Neither is the supplemental brief received.

Case remanded for proceedings not inconsistent with this opinion, without costs.