## MATTERS *v.* RYAN.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 141. Submitted January 16, 1919.—Decided April 14, 1919.

The District Court has no jurisdiction in *habeas corpus* to determine and award the custody of an infant at the suit of an alien against a citizen of the State of forum, when the only substantial question is which of the parties is the mother. P. 377.

The claim that such a case arises under a law of the United States because the infant was imported by the respondent in violation of the Immigration Laws is frivolous. *Id.*

*Quære:* Whether diversity of citizenship with an averment of pecuniary interest could confer jurisdiction on a federal court in *habeas corpus.* P. 378.

Reversed.

THE case is stated in the opinion.

Mr. Horace Kent Tenney, Mr. Roger Sherman and Mr. Harry A. Parkin for appellant.

No appearance for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

On the 20th of May, 1916, Margaret Ryan, the appellee, alleging herself to be a subject of the King of Great Britain residing in Ottawa, Canada, applied for a writ of habeas corpus to obtain the possession of her alleged minor child, Irean, by taking her from the asserted illegal custody of Anna D. Matters, the appellant, alleged to be a resident of the State of Illinois.

The petition for habeas corpus charged that the said child was born to petitioner ten months before in a hospital in Ottawa, but shortly after the birth of the child she was kidnapped by the respondent, who secreted her until August when she brought the child by railroad journey to Chicago from Ottawa and there illegally detained her. It was charged that the cause of action arose under the law of the United States, in that the Immigration Laws of the United States forbade the bringing of an alien child under sixteen years of age from Canada into the United States without being accompanied by its father or mother, in the absence of permission by the immigration authorities of the United States. An order was entered allowing the prosecution of the habeas corpus proceedings in forma pauperis, and the writ issued.

The respondent denied the averments of possession and kidnapping. She alleged that she had a child of her own about ten months of age, and that if such child was the one referred to in the petition for habeas corpus, the

petitioner had no right to the custody of the same. The existence of any right in the petitioner to champion the enforcement of the Immigration Laws of the United States was denied, and the jurisdiction of the court to entertain the controversy was expressly challenged.

On the return, after hearing, jurisdiction was maintained, the return was held insufficient, and the petitioner was decreed to be entitled to the custody of the child and the appellant was commanded to deliver her. This direct appeal on the question of jurisdiction alone was then taken.

It is settled that "the jurisdiction of courts of the United States to issue writs of *habeas corpus* is limited to cases of persons alleged to be restrained of their liberty in violation of the Constitution or of some law or treaty of the United States, and cases arising under the law of nations." *Carfer* v. *Caldwell*, 200 U. S. 293, 296; *In re Burrus*, 136 U. S. 586, 591; *Andrews* v. *Swartz*, 156 U. S. 272, 275; *Storti* v. *Massachusetts*, 183 U. S. 138, 142. It is obvious that on the face of the petition the sole question at issue was the maternity and custody of the child, and as that question was in its nature local and non-federal there was nothing to sustain the jurisdiction unless the averment that the case was governed by the Immigration Laws of the United States had that effect. But when it is observed that the only basis for that assertion rested upon the allegation that the defendant, pretending to be the mother of the infant child, had brought her from Canada into the United States without complying with the administrative requirements of the Immigration Laws, we are of opinion that the case made involved no federal question adequate to sustain the jurisdiction, because of the unsubstantial and frivolous character of the contention made in that respect.

We are constrained to this conclusion since we are unable to perceive the possible basis upon which it can be

assumed that the local question of maternity, and con-
sequent right to custody, which dominated and controlled
the whole issue could be transformed and made federal in
character by the assertion concerning the Immigration
Laws. And this becomes all the more cogent when the
absence of power on the part of the petitioner to champion
the enforcement of the Immigration Laws is borne in
mind.

Whether a case might arise where a court of the United
States could take jurisdiction of a petition for habeas
corpus upon averment of diversity of citizenship and
pecuniary interest, without the assertion of a federal right,
does not here arise (a) because the suit was brought
exclusively under the assumption that it was governed by
the law of the United States which requires a federal
question to give jurisdiction, and (b) because, in any
event, there is here no averment of jurisdictional amount.

It follows that the decree below must be and it is
*Reversed and the case remanded with directions to dismiss
the writ of habeas corpus.*