## SHAPLEY v. COHOON.

(District Court, D. Massachusetts. May 19, 1919.)

No. 1642.

HABEAS CORPUS ⬒45(2)—JUDGMENT ⬒828(3)—FEDERAL COURTS—INSANE PERSONS—COMMITMENT BY STATE AUTHORITIES.

The question whether a warrant or order under which a person was committed as insane is in conformity to state laws should first be presented to a state court, and the decision of that court is binding on a federal court, unless the state proceedings do not comply with the requirements of the federal Constitution.

Habeas Corpus. Petition by Sarah Chandler Shapley against Elisha H. Cohoon. On motion to dismiss petition. Motion granted.

See, also, 258 Fed. 752.

James A. Keown, of Lynn, Mass., for petitioner.

J. R. Benton and Max L. Levenson, Asst. Attys. Gen., for defendant.

MORTON, District Judge. In view of the decision of the Court of Appeals in this case (255 Fed. 689, February 11, 1919), the only question now before this court is whether the amended (or "substitute") petition is so different from that already passed upon as to require a different conclusion.

The allegations relied upon to distinguish it are, speaking generally, statements of fact specifically attacking the warrant (or order) of commitment, and averments that the Massachusetts statute and the proceedings under it contravened the federal Constitution, in that they did not provide for "due process of law."

This last question was considered and passed upon by Judge Johnson in his opinion (Mass. District Court, October 8, 1918, 258 Fed. 752), but apparently was not regarded as open upon the record by the Court of Appeals. In view of the careful opinion by Judge Johnson on this point, I need only say that it is by no means so clear that the Massachusetts statute and the proceedings alleged to have taken place under it are in violation of the petitioner's constitutional rights as to justify a federal court of first instance in so holding.

As to the alleged invalidity of the warrant: Upon this point, in addition to the petition and motion to dismiss, I have considered, by agreement of counsel, the record in the commitment proceedings which was used as an exhibit at the previous hearing, and certified copies of the orders in the habeas corpus proceeding in the state court.

The present petition states that "no less than ten petitions for writs of habeas corpus have been presented to the state courts, and on none of these has the petitioner had a fair hearing." No reason is stated why the hearings were not fair, nor why there should be "bias, prejudice, or local influence" against the petitioner, as charged. Such general allegations are disregarded. Opinion of Johnson, J., supra. In every one of said proceedings the question whether there was a valid

outstanding warrant of commitment against the petitioner was neces-sarily involved. Either the present allegations against the warrant have been heard and not sustained by the state courts, or they have never been made to the state courts. On the first alternative the de-cision of the state court as to the formal sufficiency of proceedings under its statutes is binding on the federal courts, unless the peti-tioner's detention is on a warrant which is plainly and absolutely void. That question, concerning as it does proceedings under the state stat-utes, ought to be presented to the highest state court before the juris-diction of the federal courts is involved. See Ex parte Royall, 117 U. S. 241, 250, 251, 6 Sup. Ct. 734, 29 L. Ed. 868. If the alleged invalidity of the warrant has never been brought to the attention of the state courts, that ought to be done before resorting to the federal court. This aspect of the matter is fully covered in the opinion of Judge Johnson (pages 5 and 6, manuscript). The case at present "in-volves no federal question adequate to sustain the jurisdiction." White, C. J., Matters v. Ryan (April 14, 1919) 249 U. S. 375, 39 Sup. Ct. 315, 63 L. Ed. 654.

It is agreed by counsel that since this amended petition was filed the probate court in Massachusetts has adjudged the petitioner not insane. That is a matter for the consideration of the state courts. The questions here presented relate solely to the petitioner's rights under the federal Constitution.

Motion to dismiss granted.

Petition dismissed.