## GORSUCH v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
July 9, 1929.

No. 5365.

James J. Spillane, of Detroit, Mich., for appellant.

Donald B. Frederick, Asst. U. S. Atty., of Detroit, Mich. (John R. Watkins, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM. Gorsuch pleaded guilty to an indictment in four counts, charging, first, the receiving and concealment at a certain place, on September 16th, of certain intoxicating liquor which he knew had been brought into the United States from Canada, contrary to law; second, that on the same day he facilitated the transportation of the same liquor from that place to another place; third, that on September 24, he received and concealed certain other intoxicating liquor which had so been imported contrary to law; and, fourth, that on the same day he facilitated the transportation of this liquor from that place to another place. The applicable statute seems to be section 593 (b), of the Act of September 21, 1922. Section 497, tit. 19, USCA. He was sentenced to be imprisoned in the penitentiary at Leavenworth—upon the first count for one year from sentence; upon the second count for one year from and after the expiration of the sentence under count 1; upon the third count for one year from and after the expiration of sentence upon count 2; and upon the fourth count he was ordered to pay a fine. Upon this appeal he says that the sentence was unlawful in two respects: First, that counts 1 and 2 described only one offense, as did counts 3 and 4, and hence there

was double punishment; second, that imprisonment at Leavenworth cannot be imposed unless for a period of more than one year.

There was no double punishment. Receiving smuggled goods and then later, even on the same day, transporting them to another place, might perhaps be shown by testimony in a particular case to be only parts of one unitary offense; but they need not be unitary, they may be separate. Albrecht v. U. S., 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505. Upon the plea of guilty to an indictment which charges them under different counts as separate offenses, there could be no presumption that they were not appropriately so charged.

The government contended that the sentence should be treated collectively, as one for three years, and hence that the second point urged by the appellant is not open. Thompson v. U. S. (C. C. A. 9) 204 F. 973. We cannot agree with this contention. When imprisonment under different counts is not concurrent, the identity of the punishment upon each should be preserved; indeed, to preserve such identity is the purpose of making them distinctly successive. Confusion would result from the other rule. If three jointly prosecuted misdemeanors were punished by six months'. imprisonment on each successively, there would be a term of more than one year, and punishment as for a felony would appear.

The offense denounced by 593(b) is, we think, a felony, and therefore punishable by imprisonment in the penitentiary. Reagan v. U. S., 157 U. S. 301, 15 S. Ct. 610, 39 L. Ed. 709, cited to the contrary, is not controlling. That case involved section 3082 of the Revised Statutes. That section was repealed by the act of 1922, but it was reenacted almost verbatim in the same act by section 593(b), and the effect of the Reagan Case is not, of course, avoided merely by this repeal and re-enactment. However, that case rests expressly upon the ground that there was no statutory definitory distinction between felonies and misdemeanors, and that, although the liability to imprisonment for more than a year was often understood to be the test of a felony, that understanding could not prevail against the express declaration of Rev. St. § 2865, now 593(a) of the Act of 1922 (19 USCA § 496), that the smuggling itself was only a misdemeanor. Since the Reagan Case was decided, the Criminal Code of 1909 has been adopted, section 335 of which (section 541, tit. 18, USCA) expressly declares that any offense which may be pun-

ished by imprisonment for a term exceeding one year should be deemed a felony. This statute destroyed an essential part of the basis upon which the Reagan decision rested; and when thereafter, in 1922, Congress adopted this section 593(b), the intent to make the offense therein denounced a felony is, we think, quite clear. True, the relationship which Rev. St. § 3082, bore to Rev. St. § 2865, is substantially preserved as between the new 593(b) and 593(a); and if, in this case, the importation had been "contrary to law" only because it had been a violation of 593 (a), it would be necessary to consider whether it was only a misdemeanor and whether the later concealment must also be so characterized; but this is ample distinction as to the present indictment. The transportation and second concealment charged by counts 2 and 4 are not the "receiving and concealing" normally collateral to the smuggling, and are not necessarily a lesser offense than that was, and Congress might well consider that they involved a higher degree of law violation. As to all the counts, they show that the importation was contrary to law in three respects. The duty specified by paragraph 802 of schedule 8 of section 1 of the Tariff Act of 1922 (19 USCA § 121) had not been paid; the permit required by paragraph 813 of that schedule had not been obtained; and section 3 of tit. 2 of the National Prohibition Act (27 USCA § 12) had been violated. Even if it were true that the reception and concealment of smuggled property were necessarily a lesser offense than the smuggling, it does not follow that the concealment cannot be a felony when it was in aid of two or even three misdemeanors. With this view of the Reagan Case, we have no difficulty in concluding that the offenses here charged were felonies.

Counsel concede that imprisonment for a term of not more than one year in the penitentiary at Leavenworth could not be imposed, unless by the effect of the Act of March 2, establishing the penitentiary and reading as follows: " * * * To be used for the confinement of persons convicted in the United States Courts of crimes against the United States and sentenced to imprisonment in a penitentiary, or convicted by courts-martial of offenses now punishable by confinement in a penitentiary and sentenced to terms of imprisonment of more than one year. * * * " [1]

[1] Section 762, tit. 18, United States Code, which purports to embody this provision, omits the parts which have been much discussed, and

It is clear enough that, according to strict grammatical construction, the concluding descriptive limitation, "and sentenced to terms of imprisonment of more than one year," applies only to the second general alternative clause, and so refers only to those convicted by a court-martial. However, a construction which makes the phrase, "or convicted by court-martial of offenses now punishable by confinement in a penitentiary," merely parenthetical, is not unreasonable, although awkward. We are satisfied that this latter construction expresses the more probable intent of Congress. It had been well understood, and it was the background of legislation on this subject, that imprisonment in the penitentiary could not be for less than a year (see citations in Biddle Cases, infra), and, if Congress intended to make a change so basic, it would have selected clearer words. If the minimum is not a year and a day, there is no minimum; and Congress did not probably intend to have this new penitentiary filled up with short-time offenders. We are constrained to agree with the result reached by the dissenting judge rather than by the majority of the court in Stevens v. Biddle (C. C. A. 8) 298 F. 209. And see Cahill v. Biddle (C. C. A. 8) 13 F.(2d) 827, 828.

It follows that the sentences as to counts 1, 2, and 3 are invalid. The order will be that they be reversed and the case remanded for new sentences upon the plea of guilty to these counts. The fine under count 4 has been paid.

---

which we think important. The USCA has noted the incompleteness of this section, and calls attention to the omitted portion herein set out.