**ROSELLE v. BRESHEARS, U. S. Marshal.**

Circuit Court of Appeals, Ninth Circuit.
November 18, 1929.

No. 5940.

Henry Clay Agnew, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and LOUDERBACK, District Judge.

LOUDERBACK, District Judge. Appellant appeals from an order denying a petition for a writ of habeas corpus upon its first presentation to the court.

Appellant was confined by commitment of the United States District Court for the Eastern District of Idaho, upon an indictment containing 20 counts. Count 1 charged conspiracy to violate the National Prohibition Act by maintaining a still in the district, and the manufacturing and selling of its products at the same place. As overt acts it was charged in the conspiracy that appellant had maintained this still and manufactured liquor, as well as maintaining a nuisance in so doing.

Counts 2 to 20 of the indictment, inclusive, charged the consummated offenses and described the overt acts alleged in count 1. The indictment charged separate sales of liquor, possession of liquor, nuisance, manufacture and distilling without bond, at the time and on the dates set forth in the overt acts of the conspiracy count.

Defendant, having pleaded guilty to this indictment, was sentenced by the court to serve a sentence on count 1 of the indictment of 20 months at McNeil's Island penitentiary, and to pay a fine. On counts 2 to 20, inclu-sive, of the indictment, various sentences of six months each were imposed, some to run concurrently, and some to run cumulatively, and all of them to commence after the termination of the sentence under count 1, and all of them to be served in county jails in Idaho.

Upon said judgment, two commitments were issued, one to the penitentiary and one to the United States marshal for imprisonment in said jails on counts 2 to 20. Appellant was then committed to McNeil's Island penitentiary and served the sentence in count 1.

Upon completion of the service of said sentence, and after his release from the same, the petitioner was taken into the custody of the United States marshal for the district of Idaho, in the jurisdiction of the District Court for the Western District of Washington, Southern Division, and held by said marshal solely by virtue of the second commitment, for confinement in the county jails in Idaho. While in said custody, en route to said county jails, appellant presented this petition for this writ of habeas corpus, setting out all the foregoing facts, together with copies of the judgment and commitments, and a certified copy of the indictment. This petition was at first refused, on the ground that the petition was verified only by the attorney for the petitioner. The verification of the appellant having been secured, and a duplicate petition refiled, the matter was again presented to the court, and the court denied the said writ.

The record discloses, from affidavit filed and admission of respective counsel, that subsequent to the order denying the writ, and prior to the hearing on appeal, both the petitioner and the person in whose custody he was being held had left the jurisdiction of the District Court for the Western District of Washington, Northern Division. This fact was urged as additional reason for the denial of this appeal. Since the issues herein can be disposed of upon the merits, this issue need not be passed upon.

The petitioner contends that the county jail sentences on counts 2 to 20, inclusive, are invalid, and, having served his sentence under count 1, he is now entitled to be discharged from custody, and points out that by the designation of jail sentences he will lose good conduct credits and parole rights, which would otherwise be available under a penitentiary sentence. If the sentences are within the discretionary power of the court passing judgment, the fact that a different form of sentence would have given the petitioner certain advantages of parole and good conduct credit, is not pertinent to this review.

■ It is further 'contended that Thompson v. United States, 204 F. 973, 123 C. C. A. 295, is in point and requires that, count 1 carrying a penitentiary sentence, only a penitentiary sentence may be inflicted. It is well established that valid cumulative terms of imprisonment may be imposed, where an accused is convicted of separate and distinct crimes in different indictments, and in different counts of the same indictment. Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151; Chadwick v. U. S., 141 F. 225, 72 C. C. A. 343; Howard v. U. S., 75 F. 986, 21 C. C. A. 586, 34 L. R. A. 509; U. S. v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309; Alvarado v. U. S. (C. C. A.) 9 F.(2d) 385; In re Greenwald (C. C.) 77 F. 590; Foster v. Biddle (C. C. A.) 14 F.(2d) 280, 281; Phillips v. Biddle (C. C. A.) 15 F.(2d) 40; Humphries v. Biddle (C. C. A.) 19 F.(2d) 193.

■ This is also true in a case such as the instant case, where there is joined a conspiracy count with counts charging the substantive offense. Perry v. U. S. (C. C. A.) 18 F.(2d) 477; Humphries v. Biddle (C. C. A.) 19 F. (2d) 193; U. S. v. Anderson (C. C. A.) 31 F.(2d) 436. Had separate indictments and trials been had upon the different charges contained in the counts herein, and different places of confinement been designated, on terms to run consecutively, such sentences would have been valid, even though penitentiary and county jail were respectively designated. United States v. Remus (C. C. A.) 12 F.(2d) 239. There is no apparent reason why separate and distinct offenses, because joined in one indictment, cannot be treated as separate and distinct offenses for the purpose of imposing sentence.

The case of Thompson v. U. S. (C. C. A.) 204 F. 973, only decides that, where an accused was convicted on two counts under the White Slave Act (18 USCA §§ 397–404), and sentenced to a year's imprisonment on the first count and to a six months' imprisonment on the second count, to run successively, the court could order the sentence to be served at a penitentiary, under section 5541 of the Revised Statutes (18 USCA § 695), which authorizes such imprisonment in case of a sentence for a longer term than one year. But that case is not authority for an interpretation that such sentencing is the only sentence and designation permissible.

We conclude, therefore, that on the merits there was no error in the judgment of the court below in denying the writ, and the same is accordingly affirmed.