**COPELAND v. ARCHER, Warden of U. S. Penitentiary.**

No. 6407.

Circuit Court of Appeals, Ninth Circuit.

June 25, 1931.

as a witness, which offense is punishable by imprisonment for a term not exceeding two years (18 USCA § 240). On each of the three counts, a different briber was alleged. On count one defendant was sentenced to one year and a day, on count two to six months, and on count three to six months, the sentences to run consecutively. Prior to the expiration of the year and a day sentence on count one, appellant was transferred to the United States Penitentiary at McNeil's Island, the legality of which sentence and the legality of which transfer he does not question, and he has served the full sentence of one year and a day on said count one. He has also served the six months required by the sentence on count two, and has served two months (on June 16) of his sentence under count three.

Appellant based his application for the writ on the ground that the sentences of six months each on counts two and three of the judgment were void and illegal "for the reason that the district court of Colorado was without legal authority or jurisdiction to sentence appellant to the United States Penitentiary at Leavenworth to serve six-month sentences as the law creating and establishing the Leavenworth Penitentiary specifically provided that only prisoners sentenced to serve more than one year shall be admitted to that institution."

The lower court refused to grant the writ, saying that appellant had had ample time to perfect a direct appeal, and that therefore sentence was not open to collateral attack. From that decision comes this appeal.

The fact that appellant had the recourse of direct appeal during the time that he was serving the admittedly legal sentence under count one does not prohibit his making application for a writ of habeas corpus at the present time. We are not concerned with his motives for delaying the plea, whether they arose from simple ignorance of his rights under counts two and three or merely the desire to wait until he felt that he might secure a summary writ which would secure his freedom.

When the writ is applied for, the court must consider if the prisoner is serving under a sentence beyond the power of the court to impose; there is no question of punishment of the applicant because he chose a method of review in which it seemed to him the rights of the government were least protected. "The jurisdiction of courts of the United States to issue writs of habeas corpus is limited to cases of persons alleged to be re-

J. J. Copeland, in pro per.

Anthony Savage, U. S. Atty., Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Washington, Southern Division, denying a writ of habeas corpus.

Appellant, J. J. Copeland, on December 8, 1928, was sentenced by the United States District Court for the District of Colorado to the United States Penitentiary at Leavenworth, Kan., on three separate counts of an indictment charging the acceptance of a bribe

strained of their liberty in violation of the Constitution or of some law or treaty of the United States, and cases arising under the law of nations." Matters v. Ryan, 249 U. S. 375, 39 S. Ct. 315, 63 L. Ed. 654.

The writ of habeas corpus is a summary means of obtaining justice, but it is a real guarantee of the rights of the individual citizen. The appellant had the right of direct appeal, but it is a well-established rule in similar cases that where the sentence is found to be void, the original court may reassume jurisdiction at any time after the sentence has been imposed, and issue a judgment in accordance with the law.

"Where there is a conviction, accompanied by a void sentence, the court's jurisdiction of the case for the purpose of imposing a lawful sentence is not lost by the expiration of the term at which the void sentence was imposed. The case is to be regarded as pending until it is finally disposed of by the imposition of a lawful sentence." Hammers v. U. S., 279 F. 265, 266 (C. C. A. 5).

But if the prisoner were to be released on a writ of habeas corpus, and the court lose jurisdiction over him, it were better to release several prisoners from serving their just punishment than so to weaken the efficacy of the writ that it would be without force when invoked by some one whose real rights were substantially infringed.

If the sentences on counts two and three are void, then the prisoner "is confined in the penitentiary, where the law does not allow the court to send him for a single hour. To deny the writ of habeas corpus, in such a case, is a virtual suspension of it; and it should be constantly borne in mind that the writ was intended as a protection of the citizen from encroachment upon his liberty from any source,—equally as well from the unauthorized acts of courts and judges as the unauthorized acts of individuals." In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 326, 38 L. Ed. 149.

It is too well settled to need further discussion that a person cannot be sentenced to the penitentiary for one year or less and the point before us here is whether or not the three sentences in the instant case, for one year and a day, six months, and six months, respectively, were in legal contemplation one sentence for two years and a day. We cannot so hold.

In the instant case there were three separate offenses, three acceptances of bribes from as many different persons. It is true that the three were violations of the same statute and were combined into one indictment, but that does not necessarily make them inseparably joined. It could not be contended that if there had been only two counts the prisoner could have been sentenced to the penitentiary for six months on each count.

Appellee, the government, relies upon the case of Thompson v. United States, 204 F. 973, 976, a former decision of this court, but we do not think the reasoning there controlling here. There the plaintiff in error had been sentenced on two counts of an indictment charging violation of the White Slavery Law (18 USCA §§ 397–404) "The first count of the indictment charged the plaintiff in error with transporting and causing to be transported, and aiding and assisting in obtaining transportation for, a woman from Hot Springs, Ark., to San Francisco, for the purpose of prostitution. The second count charged him with procuring * * * a railway ticket for the woman to travel from Hot Springs, Ark., to San Francisco. Both counts charge substantially the same acts, and the commission of the same offense."

There the court held that there was only one offense, and in legal effect a single sentence of eighteen months for that offense.

In the instant case, however, there were different circumstances. The acceptances of bribes from three different people were not so inseparably bound together as were the "aiding and assisting in obtaining transportation for" a woman and "procuring a railway ticket" to aid in that transportation.

This case cannot be sustained on the theory upon which the case of Thompson v. United States, supra, was decided for the reason hereinbefore stated, see Roselle v. Breshears, 35 F.(2d) 934 (C. C. A. 9), and it would seem desirable to pass definitely upon the question here involved for the future guidance of the district courts, especially those within this circuit.

We hold that in all cases where the defendant enters a plea of guilty or is convicted on two or more counts of an indictment, or upon two or more separate indictments charging crimes of the same or different character growing out of distinct and separate transactions, judgment for confinement in a penitentiary may be entered only if the specified term of imprisonment on any one count is for more than a year. In other words, if the court imposes several sentences upon a defendant, one for a term exceeding one year,

and another or others for a period of one year or less, the latter sentences may not be to confinement in a penitentiary, notwithstanding the fact that the sentences of less than one year may have been erroneously ordered to run concurrently. If, on the other hand, the lesser sentences are consecutive, they should be served in an institution other than a penitentiary.

In view of the wording of the statute regulating the types of persons who may be admitted to a penitentiary (18 USCA §§ 695, 762), in view of the nature of. the three counts, and in view of the words of the trial judge's sentences, we cannot but hold that the sentences on counts two and three of the indictment are void.

■■ However, despite the fact that the sentences are void, and the prisoner entitled to the writ, for at the present time he is under no legal sentence, the interests of the government are not thereby defeated. In considering an application for a writ of habeas corpus the court is required to "proceed in a summary way to determine the facts of the case by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." Herein, the appellant's contention amounts simply to the fact that he claims the place of his confinement to be illegal. The whole question of release of a prisoner on habeas corpus, where there was no error in the trial, but where the sentence was void, has been exhaustively treated in the case of In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 326, 38 L. Ed. 149, where the court, speaking through Mr. Justice Field, said:

"Much complaint is made that persons are often discharged from arrest and imprisonment when their conviction, upon which such imprisonment was ordered, is perfectly correct; the excess of jurisdiction on the part of the court being in enlarging the punishment, or in enforcing it in a different mode or place than that provided by the law. * * * The judges of all courts of record are magistrates, and their object should be, not to turn loose upon society persons who have been justly convicted of criminal offenses, but, where the punishment imposed, in the mode, extent, or place of its execution, has exceeded the law, to have it corrected by calling the attention of the court to such excess. * * *

"He [the prisoner] complains of the unlawfulness of his place of imprisonment. He is only entitled to relief from that unlawful feature, and that he would obtain if oppor-

tunity be given to that court for correction in that particular. * * * In a vast majority of cases the extent and mode and place of punishment may be corrected by the original court without a new trial, and the party punished as he should be, while relieved from any excess committed by the court, of which he complains. In such case the original court would only set aside what it had no authority to do, and substitute directions required by the law to be done upon the conviction of the offender."

Ordered, that the writ of habeas corpus issue, and that the petitioner be discharged from the custody of the warden of the United States Penitentiary at McNeil's Island in the state of Washington; but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with law upon the verdict against him. It is further ordered that the said warden do notify the United States District Attorney of the District of Colorado of the day and the hour of the day when he will discharge the said J. J. Copeland from imprisonment, and that such notice be given at least ten days before the release of the prisoner.

Reversed, and case remanded to the District Court, with instructions to issue the writ.