**Hector VASQUEZ, Petitioner,**

v.

**James T. VAUGHN, Sr., Commissioner of Corrections, Respondent.**

**Civ. A. No. 76–310.**

United States District Court,
D. Delaware.

June 23, 1978.

---

Henry A. Wise, Jr., of Wise & Winfield, Wilmington, Del., for petitioner.

Francis Reardon, Deputy Atty. Gen., Wilmington, Del., for respondent.

## OPINION

MURRAY M. SCHWARTZ, District Judge:

Hector Vasquez, a state prisoner, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1970).[1] Respondent filed an answer[2] and both parties briefed the issues presented by the petition. Oral argument was heard on March 27, 1978.

Petitioner was indicted in the Delaware Superior Court for first degree murder, a violation of 11 *Del.C.* § 636 (1974). After a trial held between March 17 and 25, 1975, a jury found petitioner guilty of second degree murder, a violation of 11 *Del.C.* § 635 (1974).[3] A life sentence was imposed on April 4, 1975, and, on appeal, the Delaware Supreme Court affirmed the conviction by order dated January 8, 1976.[4]

The amended petition challenges Vasquez' conviction on three grounds of alleged denial of due process of law: (1) the Court's instruction to the jury under 11 *Del.C.* § 641 (1974) that the petitioner must prove extreme emotional distress by a preponderance of the evidence impermissibly shifted the burden of persuasion to petitioner; (2) the Court's instruction to the jury that it

---

1. Doc. No. 4. The original petition is Doc. No. 1.

2. Doc. No. 7.

3. Petitioner also was indicted and found guilty of possession of a deadly weapon during the commission of a felony in violation of 11 *Del.C.* § 1447 (1974), but petitioner does not seek a review of that conviction in the present proceeding.

4. Doc. No. 12, at A28.

could find petitioner guilty of second degree murder denied him notice of the charges against him, since he was only indicted for first degree murder; and (3) the prosecution violated the *Brady* rule by failing to provide defense counsel with exculpatory statements in its possession either prior to trial or during the presentation of the prosecution's case. All three of those grounds having been presented to the Delaware Supreme Court, the exhaustion of state remedies requirement has been met.[5]

Petitioner's first contention relates to the following jury instruction given by the trial court at petitioner's trial:

> Defendant asserts an affirmative defense in that he seeks to show that he acted under 'extreme emotional distress.'
>
> .   .   .
>
> .   .   .
>
> The fact that the accused intentionally caused the death of another person under the influence of extreme emotional distress is a *mitigating circumstance*, reducing what would otherwise be the crime of murder in the first degree to the crime of manslaughter. The fact that the accused acted under the influence of extreme emotional distress must be proved by a preponderance of the evidence. In order to reduce what would otherwise be regarded as first degree murder to this third category of manslaughter, the accused must prove by a preponderance of

the evidence that there is a reasonable explanation or excuse for the existence of the extreme emotional distress. The reasonableness of the explanation or excuse shall be determined from the viewpoint of a reasonable person in the accused's situation under the circumstances as he believed them to be.[6]

That instruction was based on 11 *Del.C.* § 641 (1974).[7] Petitioner contends that the instruction denied him due process, in that it required him to prove extreme emotional distress as an affirmative defense, *i. e.*, by a preponderance of the evidence. Under *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), however, it is clear that the instruction did not deny petitioner due process of law.

The United States Supreme Court, in *Patterson,* upheld a New York statute making extreme emotional distress an affirmative defense to murder. In so doing, the Court distinguished and limited its prior decision of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

In *Mullaney,* the Court had struck down as violative of the due process clause a Maine statute making "provocation" an affirmative defense to murder. The Maine criminal code defined murder as requiring proof of malice, yet malice could be implied from proof of intent unless the defendant proved by a preponderance of the evidence that he committed the act " 'in the heat of

---

**5.** Respondent's argument that petitioner's first contention was not fairly presented to the state court and therefore the habeas corpus petition should be dismissed for failure to exhaust state remedies is without merit. Petitioner did press his present contention before the Delaware Supreme Court in his motion for reargument (Doc. No. 15, at SA6) and the Delaware Supreme Court squarely addressed the issue in its January 8 order. (Doc. No. 12, at A28). Therefore, the requirement that petitioner exhaust presently available state remedies has been met.

**6.** Doc. No. 15, at SA3–4, 5.

**7.** "§ 641. Extreme emotional distress.
    The fact that the accused intentionally caused the death of another person under the influence of extreme emotional distress is a

mitigating circumstance, reducing the crime of murder in the first degree as defined by § 636 of this Criminal Code to the crime of manslaughter as defined by § 632 of this Criminal Code. The fact that the accused acted under the influence of extreme emotional distress must be proved by him by a preponderance of the evidence. The accused must further prove by a preponderance of the evidence that there is a reasonable explanation or excuse for the existence of the extreme emotional distress. The reasonableness of the explanation or excuse shall be determined from the viewpoint of a reasonable person in the accused's situation under the circumstances as he believed them to be."

passion on sudden provocation'." *Id.* at 684, 95 S.Ct. at 1882. The Court held that the statute impermissibly shifted the burden of persuasion on one of the elements of the crime to the defendant, thus violating the due process "requirement, as defined in *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged." *Id.* at 685, 95 S.Ct. at 1883.[8] The Court subsequently gave *Mullaney* retroactive application in *Hankerson v. North Carolina*, 432 U.S. 233 (1977).

The Court in *Patterson* distinguished *Mullaney* by the fact that the New York statute involved in *Patterson*, in contrast to the Maine statute involved in *Mullaney*, defined murder as requiring proof of two elements, intent and causation. Unlike the situation under the Maine statute, the New York statute did not create any presumption or implication requiring the defendant to rebut either of those elements by a preponderance of the evidence. *Patterson*, 432 U.S. at 213–16, 97 S.Ct. 2319. The Court explained that *Mullaney* should not be read broadly: "*Mullaney* . . . held that a State must prove every ingredient of an offense beyond a reasonable doubt, and that it may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense." *Id.* at 215, 97 S.Ct. at 2330.

■ Under *Patterson*, it is clear that 11 *Del.C.* § 641 (1974) meets federal due process requirements.[9] The Delaware statute defines murder as requiring proof of intent and causation,[10] as did the New York statute upheld in *Patterson* and, as in *Patterson*, the affirmative defense of extreme emotional distress does not require a defendant to rebut either of those elements of the crime. The trial court's instruction to the jury under section 641, therefore, did not deny petitioner due process of law.

■ There is no need to review the Delaware Supreme Court's holding relating to this petitioner "[t]hat the jury instruction on extreme emotional distress was error under *Fuentes v. State*, Del.Supr., No. 14, 1975 (decided November 25, 1975); but that such error was harmless beyond a reasonable doubt in the absence of 'some credible evidence' of extreme emotional distress . . . ."[11] In view of *Patterson*, that holding is a matter of state, not federal, law and this Court has no jurisdiction to review a state court's conclusion unless it is violative of the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3) (1970); *Matters v. Ryan*, 249 U.S. 375, 377, 39 S.Ct. 315, 63 L.Ed. 654 (1919); *Adamson v. Nash*, 218 F.Supp. 841 (W.D.Mo.1963).

**8.** The Delaware Supreme Court determined that 11 *Del.C.* § 641 (1974) was unconstitutional under *Mullaney* in *Fuentes v. State*, 349 A.2d 1 (Del.1975). The *Fuentes* decision was held applicable to "any . . . case tried prior to September 29, 1975 which has not yet been appealed but which may be eligible for direct appeal to [the Delaware Supreme Court]," *id.* at 7, which included petitioner's case. *Fuentes* was later overruled and section 641 reinstated. *See* n. 9, p. 197 *infra*.

**9.** The Delaware Supreme Court has held that section 641 is constitutional in *State v. Moyer*, 387 A.2d 194 (1978), in which it overruled *Fuentes v. State*, and revived section 641. That decision has a good analysis of the similarity between the Delaware and New York statutes. The Court revived the section prospectively from the date of decision only, in order to avoid any *ex post facto* application of the statute. In petitioner's case, there is no *ex post facto* violation as a matter of federal constitutional law, since section 641 was governing in 1974 when the crime was committed. (Doc. No. 12, at A27). *See Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

**10.** 11 *Del.C.* § 636 (1974) provides in pertinent part:
"A person is guilty of murder in the first degree when:
(1) He intentionally causes the death of another person . . . ."
11 *Del.C.* § 635 (1974) provides in pertinent part:
"A person is guilty of murder in the second degree when:
(1) He recklessly causes the death of another person under circumstances which manifest a cruel, wicked, and depraved indifference to human life . . . ."

**11.** Doc. No. 12, at A28.

■ Petitioner contends that his due process right to notice of the charges against him was violated when the trial court instructed the jury that it could find petitioner guilty of second degree murder,[12] since the indictment only charged him with first degree murder.[13] The Delaware Supreme Court has held that second degree murder under the Delaware statute is a lesser offense included in the crime of first degree murder. *Vasquez v. State*, No. 83, 1975 (Jan. 8, 1976); *see* 11 *Del.C.* §§ 206(b)(3), 253 (1974); Appendix B to *Delaware Criminal Code with Commentary* (1973). An indictment alleging an offense is sufficient notice under the due process clause of lesser offenses included in the offense charged. *See Mildwoff v. Cunningham*, 432 F.Supp. 814 (S.D.N.Y.1977), and cases cited therein. Therefore, petitioner's contention is without merit.

■ Petitioner's final contention is that the state prosecution violated the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Petitioner conceded at oral argument, however, that the prosecution did deliver the exculpatory statements to petitioner prior to trial. There is no basis for petitioner's complaint that the prosecution did not put the statements into evidence at petitioner's trial, since the prosecution was under no federal constitutional duty to do so.

The petition for a writ of habeas corpus will be denied.