## (June 7, 1965)

In the Matter of HOWARD DOESSCHATE, Respondent, v. ADELE DOESSCHATE, Appellant.— In a habeas corpus proceeding, instituted by a father to compel the mother of their three infant children to return them to his custody pursuant to the terms of a prior order of the Supreme Court, Westchester

County, made in a pending separation action between the parents, awarding such custody to the father, the mother appeals from an order of said court, entered March 17, 1965, which sustained the writ and awarded custody of the children to the father. Order reversed on the law, without costs, and proceeding remitted to the Special Term for the purpose of: (1) holding a hearing at which testimony under oath should be taken with respect to all the issues of fact raised by the petition and the return; and (2) making a determination *de novo* of all the issues of fact and law on the basis of the proof adduced upon such hearing. No questions of fact have been considered. The decision in the matrimonial action between the parents, made at Special Term eight months prior to the institution of this proceeding, cannot have any conclusive weight in this proceeding, since conditions had changed in the interim and since new facts are now presented (*People ex rel. Cachelin* v. *Cachelin*, 18 A D 2d 1057). While it is true that an order on such prior decision was entered some eight months later and less than a month before the commencement of this proceeding, settlement of the order was unopposed by the mother and Special Term had no reason to assume that circumstances had changed since the date of its eight months' old decision. It is also true that the mother might have moved to reargue the previously decided motion or opposed the settlement of the order, but in a proceeding of this nature the requirements of orderly procedure must yield to the primary consideration — the welfare of the children. Under the circumstances, it was error for Special Term to sustain the writ without a hearing to determine the serious issues of fact raised by the petition and the return (*People ex rel. Putziger* v. *Putziger*, 22 A D 2d 821; *People ex rel. Cachelin* v. *Cachelin, supra*; *Matter of Grose*, 7 A D 2d 961; *Matter of Jiranek*, 267 App. Div. 607, 611). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.