■ In the Matter of MARGARET LISA, Appellant, v JAMES LISA, Respondent.—In a habeas corpus proceeding to obtain custody of her two infant sons, petitioner Margaret Lisa appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered January 4, 1977, as, after a hearing, dismissed the proceeding and awarded custody to respondent. Judgment affirmed insofar as appealed from, without costs or disbursements. In seeking custody of her infant sons, petitioner's claim is, essentially, that she can now provide for them as their father and paternal grandparents have done up to now and, in addition, provide a mother's love. Since the children's custodial circumstances are entirely satisfactory, petitioner is not entitled to a change of the *status quo* (see *Schuler v Schuler,* 29 AD2d 669). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ In the Matter of SAUL SOKOLOV, INC., Now Known as JUNARD HOUSE OF GREAT NECK, Appellant-Respondent, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent-Appellant.—In consolidated proceedings to review the assessments of certain real property for the tax years 1968 (1967/1968) through 1974 (1973/1974), petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered January 31, 1977, as confirmed the assessments for the tax years 1968 (1967/1968) through 1970 (1969/1970) and reduced the assessments for the tax years 1971 (1970/1971) through 1974 (1973/1974), but in an allegedly inadequate amount. The Board of Assessors of the County of Nassau has cross-appealed, as limited by its brief and "to preserve its rights to review the interlocutory judgment" in another proceeding, from so much of the said judgment as reduced certain of the assessments. Judgment affirmed insofar as appealed from, with costs to respondent-appellant. There are no special facts which would justify the application of the income capitalization approach to value, to the exclusion of all other factors. The record demonstrates that Special Term's evaluation for the tax years 1968 (1967/1968) to 1970 (1969/1970), although equal to the cost of the land and of the improvement completed in 1967, was not based solely upon that factor (see *G. R. F., Inc. v Board of Assessors of County of Nassau,* 41 NY2d 512). We reject petitioner-appellant-respondent's contention, based on a strained interpretation of *Matter of Elmhurst Towers v Tax Comm. of City of N. Y.* (34 AD2d 570, 571) and *People ex rel. Gale v Tax Comm. of City of N. Y.* (17 AD2d 225, 230), that an assessment may not be higher than the value indicated by the capitalization of income, or the reproduction cost less depreciation, approach, whichever is lower. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.