**Larry C. HOLMES, Plaintiff-Appellant,**

v.

**Harrison GOLDIN, Comptroller, Theodore R. West, Warden, and Correction Officers Byred and Long, Brooklyn House of Detention, Defendants-Appellees.**

No. 564, Docket 79–2177.

United States Court of Appeals, Second Circuit.

Submitted Dec. 17, 1979.

Decided Feb. 6, 1980.

Larry C. Holmes, pro se.

Allen G. Schwartz, Corp. Counsel, New York City, Ronald E. Sternberg and Stephen J. McGrath, New York City, of counsel, for defendants-appellees.

Before KAUFMAN, Chief Judge, SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

This is an appeal from the dismissal of a *pro se* civil rights action against two correction officers of the Brooklyn House of Detention, among other defendants. The complaint was brought pursuant to 42 U.S.C. § 1983.[1] The United States District Court for the Eastern District of New York, Eugene H. Nickerson, *Judge*, dismissed the action for failure to state a claim. We reverse for appointment of counsel and an opportunity to amend the complaint.

The appellant, Larry Holmes, was an inmate of the Brooklyn House of Detention. On August 16, 1978, he fought with another inmate and suffered injuries requiring medical attention. The two inmates were then transferred to the Segregation Housing Units. The next day, Holmes was released from his cell for his required daily one-hour recreation period. During this period, the defendant correction officers allegedly left open the door of the cell of Holmes's antagonist of the previous day, who then left his cell and assaulted Holmes, causing further injuries requiring medical attention, principally a cut on the head. A prison rule required separation of inmates who had fought.

. Holmes's complaint alleged that defendants' actions violated the constitutional prohibition against cruel and unusual punishment, as well as the equal protection and due process clauses. The district court dismissed the complaint for failure to allege

---

1. 42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"sufficient purposeful acts on the part of named defendants."

 The Supreme Court has recently twice declined to reach the question whether negligent conduct can form the basis of an award of damages under 42 U.S.C. § 1983. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). The decisions of this court suggest that something more than simple negligence is required. *See Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973). Whether or not negligence is enough, Holmes may be able to show purposeful acts on the part of the correction officers or deliberate indifference to his safety amounting to a violation of due process. He should be given the opportunity to do so. We must bear in mind that Holmes was not represented by counsel. A *pro se* plaintiff, particularly one bringing a civil rights action, should be afforded an opportunity fairly freely to amend his complaint. *See Owens v. Haas,* 601 F.2d 1242 (2d Cir. 1979). The complaint should not be dismissed at the pleading stage "unless it appears to a certainty that plaintiff [is] entitled to no relief under any state of the facts." *Escalera v. New York City Housing Authority,* 425 F.2d 853 (2d Cir. 1970). That certainty is not present here.

We reverse and remand to the district court with instructions to appoint counsel and to permit the appellant to amend his complaint.