Mary Carol MOORE–BEIDL, Plaintiff,

v.

John R. BEAUDOIN, Commissioner of
Rensselaer County Department of
Social Services, Defendant.

No. 81–CV–109.

United States District Court,
N.D. New York.

June 2, 1981.

Mary Carol Moore-Beidl, pro se.

Marvin I. Honig, Rensselaer County Atty., Troy, N.Y., for defendant; Kenneth Gordon Orvis, Albany, N.Y., Louis H. Quinlan, Troy, N.Y., of counsel.

### MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

Following a trial on the merits, this Court has found it necessary to dismiss plaintiff's claims against John R. Beaudoin, Commissioner of Rensselaer County Department of Social Services. Plaintiff, Mary Carol Moore-Beidl filed the instant action February 2, 1981, claiming a denial of her civil rights under 42 U.S.C. § 1983, and simultaneously filed a habeas corpus petition seeking the release of both herself and her youngest son, Joseph Michael Beidl, from the alleged unlawful detention by the Rensselaer County Department of Social Services.

The plaintiff has various grounds for her allegations, however dismissal is appropriate in each instance. Although many of her claims tend to overlap, any allegations pertaining to her November 1979 arrest by Rensselaer County Sheriffs are not proper subject matter of this suit, as the Sheriff's Department has not been made a party to this action.

Plaintiff's remaining claims may be divided into two groups; those addressing the voluntariness of the custody transfer execution signed by the plaintiff on November 20, 1978, and a collection of general allegations of improper treatment afforded plaintiff and her three sons by the County Department of Social Services.

### I.

Turning first to those general allegations, this Court finds that all claims must be prevented by virtue of the good faith immunity extended to the defendant under the auspices of § 1983. Government officials may only be held liable under § 1983 for a failure to do what is required or for overt activity which is unlawful and harmful. *Doe v. New York City Department of Social Services,* 649 F.2d 134 at 141 (2d Cir.1981); *citing Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Martinez v. Mancusi,* 443 F.2d 921 (2d Cir. 1970), *cert. denied,* 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971); *Holmes v. Goldin,* 615 F.2d 83 (2d Cir.1980); *Duchesne v. Sugarman,* 566 F.2d 817, 822 (2d Cir.1977).

Further, that official must know or should know that the agency action or inac-

tion is violative of the plaintiff's constitutional rights. *Wood v. Strickland,* 420 U.S. 308, 319–20, 95 S.Ct. 992, 999–1000, 43 L.Ed.2d 214 (1975); *LeClair v. Saunders,* 627 F.2d 606, 609 (2d Cir.1980). The Second Circuit has been very precise in the definition of the standard of care required under § 1983. Finding that agency indifference or inaction could be a basis for liability under § 1983 in *Doe, supra,* the Court cautioned that the agency must display deliberate and intentional disregard of a known injury to the plaintiff, or a known risk or specific duty for the imposition of liability. *Doe* at 149.

■ Here, the plaintiff not only signed a voluntary consent form to place her children in foster care, but she also has demonstrated a history of troubled psychological behavior. This behavior led to a neglect action brought in Family Court in Rensselaer County by the Department of Social Services. The affidavits supporting that petition clearly document not only Mary Carol's erratic behavior, but also her own admissions of an inability to care for her two older boys. After appearances by both parents at a hearing in Family Court, both boys still under the age of 18 years were removed from their mother's care on December 1, 1980. Her visits with the boys were restricted, and were to be conducted under supervision. The Memorandum in support of that Order concluded that Mary Carol had demonstrated, "her complete inability to cope with reality and parent the children."

In view of this prior judicial determination, and in light of plaintiff's consistently unstable behavior, this Court finds that the County Department of Social Services has neither acted irresponsibly nor have they perpetrated any unwarranted or unjust harm upon the plaintiff. In fact, there exists more than sufficient cause for the county agency to maintain a policy of guarded separation of mother and sons.

Clearly the plaintiff has not met her burden in support of her allegations. Therefore, where defendants plead and prove that they acted reasonably and in good faith, they are entitled to the defense of official immunity. *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978).

Despite the fact that plaintiff here is appearing *pro se,* the careful deference shown such a party must end when throughout the entire action, and including trial, the plaintiff has not gone beyond mere personal conclusion in an attempt to establish a violation of 42 U.S.C. § 1983.

## II.

■ Plaintiff's secondary and more narrow contention that the consent signed on November 20, 1978 was not voluntary might influence both the habeas petition and the § 1983 action. However, plaintiff brings no more than mere allegation to show that the consent was in any way coerced. In any event, that "consent" has been superceded by Order of the Family Court which addresses the care and responsibility for plaintiff's two youngest sons. Hence any allegations pertaining to the 1978 consent are dismissed as both a part of the § 1983 action, and as a part of the habeas petition.

Although plaintiff has not clearly articulated any grounds which might rely on absence of counsel, the Court notes at the outset, that numerous individuals have referred to the impossible task at hand in providing legal representation for the plaintiff, and further that the plaintiff did have competent counsel available, but chose instead to pursue her own action.

## III.

■ Plaintiff's habeas petition seeks to release both the plaintiff, Mary Carol and her son from the "custody" of the County Department of Social Services. The plaintiff Mary Carol may not invoke the procedural safeguards of 28 U.S.C. §§ 2241, 2254, for she is not in "custody." She alleges no restraints upon her person other than the fact that she is forceably being prevented from being together with her youngest son, Joseph. She is otherwise unrestricted by

the County Department of Social Services, hence the habeas petition is hereby dismissed with respect to the plaintiff, Mary Carol.

■ With respect to plaintiff's infant son, custodial restraints on a minor child even if voluntarily submitted to by the child, are a sufficient deprivation of the child's liberty to be tested by way of habeas corpus. *Nquyen Da Yen v. Kissinger,* 528 F.2d 1194, 1202 (C.A.9 1975), on remand, 70 F.R.D. 656. However, that opinion further stipulates that the child itself would question the detention by way of a habeas petition, and further, that custody had been imposed by federal authorities rather than state. In this case, it is the mother instigating a custody battle in the guise of § 2241, in a challenge of a family court determination, involving no federal restraints. It has long been the position of the Federal courts, that child custody disputes are not regulated by federal law, 49 ALRF 674, 675, and are not within the court's limited jurisdiction. *Matters v. Ryan,* 249 U.S. 375, 39 S.Ct. 315, 63 L.Ed. 654 (1919). However, the Supreme Court reserved the question of its habeas power in child custody cases given federal diversity jurisdiction. *In re Burrus,* 136 U.S. 586, 597, 10 S.Ct. 850, 854, 34 L.Ed. 500 (1844), and the court in *Nquyen Da Yen* recognized that revisions in the habeas statute have since allowed "independent habeas jurisdiction." *Id.* at 1202–3, n. 15. The Second Circuit has not yet reviewed this issue.

■ No diversity jurisdiction is present here, nor has federal law imposed any restrictions on the plaintiff's son, hence this Court is otherwise prevented from review of the Family Court determination under the Habeas Corpus Act, 28 U.S.C. § 2254. That court proceeding determined the various family obligations of both parents, and concluded that the plaintiff was incapable of continuing in her parental duties. Following the lead of the First Circuit in *Donnelly v. Donnelly,* 515 F.2d 129 (1975), this Court agrees that

> [the] federal court is ill equipped to determine family obligations, lacking the power and the resources of state family courts to consider the best interests of the entire family. *Id.* at 130.

Further, the protections afforded by 28 U.S.C. § 2254 provide relief only where the custody is violative of the Constitution or laws or treaties of the United States. Although the plaintiff has made several assertions of infringement of her constitutional rights, even following trial, they remain unsubstantiated and uncorroborated. Plaintiff merely alleges that there was "an illegal search or abduction performed" on her. (Plaintiff's Habeas Petition). Yet this Court has been presented with a record reflecting the utmost in a cautious and sensitive approach on the part of the Department of Social Services in dealing with Mary-Carol's difficulties with her parenting responsibilities, a circumstance to which she has capitulated on numerous occasions.

Even if this Court were inclined to look to state law for a determination of child custody, the statutory requisite of Dom. Rel.L. § 70 provides that a habeas proceeding in state supreme court must determine custody based on the "best interests of the child." That standard of review would certainly prevent a disruption of the family court order, as the plaintiff has not introduced evidence to support her contention that Joseph would be better off with her.

■ The fact that the plaintiff is Joseph's natural mother is not controlling, nor are her allegations and protestations that she can now properly provide for her son. *Lisa v. Lisa,* 57 A.D.2d 930, 395 N.Y.S.2d 40 (1977). Further, any court entertaining such a habeas petition may defer to an existing family court order in the absence of a showing of changed circumstance. *Doesschate v. Doesschate,* 24 A.D.2d 460, 260 N.Y.S.2d 541 (1977). The plaintiff herein substantiated no new issues of fact since the time of the neglect hearing. Additionally, she did not support her contentions that Joseph's custodial circumstance was anything less than satisfactory. Mere allegation without more cannot persuade the Court that Joseph's best interests would be better served by residence with his mother.

Therefore, this Court will not disturb the findings of the family court, which has placed Joseph in apparently satisfactory custody.

However, a dismissal of plaintiff's habeas petition on behalf of her son Joseph by this Court does not in any way preclude the future filing of a petition in State Supreme Court to review additional evidence which may substantiate plaintiff's present claims, and or to recognize changed circumstances which would alter the determination of the Family Court.

For the foregoing reasons, both the petition and complaint are dismissed, and the Clerk of the Court is directed to enter judgment in favor of the defendant.

IT IS SO ORDERED.