Charles T. COLEMAN, Sr.,
Plaintiff-Appellant,

v.

Dave FAULKNER, Sheriff Tulsa County, Robert Duckert, Captain Tulsa County Jail, Sheriff's Department, Defendants-Appellees.

No. 80–2073.

United States Court of Appeals, Tenth Circuit.

Dec. 8, 1982.

Charles T. Coleman, Sr., pro se.

S.M. Fallis, Jr., Dist. Atty. of Tulsa County, and James F. Raymond, Asst. Dist. Atty., Tulsa, Okl., for defendants-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

## PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the federal district court dismissing Charles Coleman's section 1983 [1] action for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Mr. Coleman alleged that the Sheriff of Tulsa County, Oklahoma, and his deputy had deprived Mr. Coleman of his property without due process of law, in violation of the fourteenth amendment. For purposes of this appeal, we treat Mr. Coleman's allegations as true since his case was dismissed on the pleadings. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976).

The police took $290.00 from Mr. Coleman when they arrested him for murder. They thought he had stolen it from his victim. The state apparently intended to use the money as evidence against Mr. Coleman in his murder trial, but instead relied on other evidence in obtaining a conviction. Under Oklahoma law, a sheriff who obtains allegedly stolen property must hold it subject to the order of the magistrate who determines its owner. Okla.Stat.Ann. tit. 22, §§ 1321, 1322 (West 1958). The Oklahoma Supreme Court has held that the sheriff's duty exists even if the accused is not later tried for theft. *Hodgson v. Hatfield*, 112 Okl. 134, 240 P. 69 (1925). In *Hodgson*, a murderer stole money from his victim. The arresting sheriff took the money but later gave it to the murderer's lawyer at the murderer's request. The court found the sheriff liable to the estate of the mur-

---

1. Section 1983 provides, in part:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

    42 U.S.C. § 1983 Supp. VI 1980.

der victim. In the instant case, the defendants admit that they have the money, but fear personal liability if they release it to Mr. Coleman. They maintain that Mr. Coleman's remedy is to seek an order from the trial court for its return pursuant to section 1322.

 Mr. Coleman has a cause of action under section 1983 and the fourteenth amendment if he has been deprived of property by state action [2] without due process of law. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The trial court dismissed Mr. Coleman's suit for failure to exhaust his state judicial remedies. Section 1983 does not require exhaustion of state judicial remedies. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). However, the existence of a state remedy may provide due process. In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that although due process usually requires some predeprivation procedure, "the impracticality of providing any meaningful predeprivation process can, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, satisfy the requirements of procedural due process." *Id.* at 539, 101 S.Ct. at 1915 (footnote omitted). It would have been impractical for the state to hold a hearing to determine ownership prior to seizing potential evidence from Mr. Coleman. If the state has provided him an adequate post-deprivation remedy, it has done all that the fourteenth amendment requires.[3]

While the Oklahoma statute appears on its face to provide due process, Mr. Coleman asserts that he has no way to avail himself of the remedy it provides. He alleges that he is indigent and cannot retain counsel, that the state will not provide him with counsel for such a proceeding, and that prison officials will not permit him to appear in court on his own behalf.

The trial court did not consider Mr. Coleman's allegation that the remedy provided by the state is constitutionally insufficient for an indigent prisoner. If that allegation is true, Mr. Coleman has stated a cause of action under section 1983.

Accordingly, we reverse the order of the federal district court dismissing this action and remand for consideration of Mr. Coleman's allegation.

REVERSED AND REMANDED.

---

**2.** Section 1983 provides a remedy only for acts "under color" of state law. State action under the fourteenth amendment is a subset of action under color of state law. *Lugar v. Edmondson Oil Co.,* —— U.S. ——, 102 S.Ct. 2744, 2753 & n. 18, 73 L.Ed.2d 482 (1982). Hence the latter need not be separately proved for a cause of action under section 1983 and the fourteenth amendment.

**3.** Although the seizure of the money was intentional, there was no time for a predeprivation hearing since Mr. Coleman was trying to eat it when he was arrested. These are unique facts. We do not mean to suggest that a postdeprivation remedy is adequate for other intentional deprivations. *See Parratt,* 451 U.S. at 527, 545–56, 101 S.Ct. at 1908, 1918–1923 (Blackmun, J., concurring).