Robert E. COTNER, Plaintiff,

v.

J.D. SHARP, et al., Defendants.

No. CIV–82–1581–D.

United States District Court,
W.D. Oklahoma.

June 20, 1983.

Robert E. Cotner, pro se.

Frank E. Walta, Asst. Dist. Atty., Oklahoma City, Okl., for defendants.

## OPINION AND ORDER

DAUGHTREY, District Judge.

This action is brought by the Plaintiff, a state prisoner, pursuant to 42 U.S.C. § 1983 to obtain redress for alleged violations of civil rights arising from a purported illegal arrest of Plaintiff and search of his apartment in June, 1982. The Plaintiff seeks monetary and injunctive relief from the alleged constitutional deprivations and the parties have engaged in extensive discovery and motion practice since the filing of the Complaint. On November 10, 1982, the Court entered an Order Dismissing Count III of the Plaintiff's Complaint challenging conditions of confinement at the Oklahoma

County Jail. On January 3, 1983, the Court also entered an expositive Order and Opinion overruling the Defendants' Motion to Dismiss for failure to join a necessary party, outlined the authorities pertinent to Plaintiff's contentions in Counts I and II of the Complaint, converted the Defendants' Motion to Dismiss into a Motion for Summary Judgment, and granted the Plaintiff twenty days to respond to the Defendants' Amended Motion to Dismiss (Summary Judgment) with evidentiary materials and authorities. On May 18, 1983, the Plaintiff filed a Response to the Defendants' Motion which generally consists only of conclusory and speculative statements. However, the Court's review of all evidentiary materials in the file reveals there are no substantial and material disputed issues of fact and that the following findings and conclusions should be entered herein:

### I.

On January 16, 1981, the Plaintiff herein was sentenced in the District Court of Tulsa County, Oklahoma, for the offense of unlawful delivery of marijuana after a former conviction of a felony, which conviction resulted in a sentence, as modified on appeal, of ten years in the custody of the Department of Corrections. (Case No. CRF–79–2718). (Exhibit A, Brief in Support of Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment). The Mandate of the Court of Criminal Appeals of the State of Oklahoma was issued on August 31, 1981, and spread of record in the Tulsa County District Court on September 14, 1981. (Exhibit B, Brief in Support of Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment). A bench warrant for the arrest of the Plaintiff was issued in March, 1982, providing that no bond should be fixed and further stating a physical description of the Plaintiff and addresses in Bixby, Oklahoma, and Oklahoma City, Oklahoma. (Exhibit C, Brief in Support of Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment). In June, 1982, the Tulsa County Sheriff's Office teletyped the Oklahoma County Sheriff's Office that the Plaintiff was believed to be residing in Oklahoma City using an alias of Jerry Peal and was driving a brown Plymouth. (Exhibit D, Brief in Support of Amended Motion to Dismiss and Alternative Motion for Summary Judgment). On June 14, 1982, the Defendant Deputy Sheriff Steve Johnson determined that a person using the name of Jerry Wayne Peal was residing at an apartment in Oklahoma City and subsequently arrested the Plaintiff. At the time of the arrest, said Defendant discovered a camera on a tri-pod and a photograph which was outlined by a diagram of an Oklahoma drivers license on the wall of the apartment, and some papers on the floor with the Plaintiff's name on them.

In the Defendants' Answers to Plaintiff's Interrogatories filed February 15, 1983, the Court notes the following interrogatory and response thereto:

INTERROGATORY NUMBER 12: 'List each item taken from Plaintiff's Apartment and what has been done with it.'

ANSWER: 1. Envelope from Court of Criminal Appeals addressed to Robert E. Cotner.

2. Motion to Withdraw Arrest Warrant signed by Robert E. Cotner in CRF–79–2718.

3. Photograph which is outlined by a diagram of an Oklahoma Drivers License.

4. One (1) Crown Graphic Camera

5. One (1) Tri-Pod

6. One (1) Case with Lens

7. One (1) Polaroid SX–70 Land Camera Sonar One-Step with flash attachment

8. One (1) Ice-Pick

9. Two (2) Photographs of Oklahoma Drivers Licenses of Jerry Wayne Peal

10. One (1) Photograph of California Drivers License of Edith Plotner Singleton

11. Birth Certificate of Jerry Wayne Peal

Disposition of the above Items:

1. Oklahoma County Sheriff's Department Property Room
2. Oklahoma County Sheriff's Department Property Room
3. Oklahoma County Sheriff's Department Property Room
4. Returned to James Richard Martin
5. Returned to James Richard Martin
6. Returned to James Richard Martin
7. Returned to Edith L. Singleton
8. Oklahoma County Sheriff's Department Property Room
9. Oklahoma County Sheriff's Department Property Room
10. Oklahoma County Sheriff's Department Property Room
11. Oklahoma County Sheriff's Department Property Room

The fundamental principles applicable to Motions for Summary Judgment are that the same are not to be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R. Civ.P., 28 U.S.C.A.; *Cayce v. Carter Oil Company*, 618 F.2d 669, 672 (10th Cir.1980). Rule 56(e) further provides that upon the filing of a motion for summary judgment, an adverse party may not rest upon the mere allegations or denials of his pleadings but his response must set forth specific facts that show a genuine issue for trial. *Also see Otteson v. U.S.*, 622 F.2d 516, 520 (10th Cir.1980). Although the Court has accorded the Plaintiff's pleadings a liberal construction in accordance with *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a sedulous review by the Court of sundry motions, affidavits, and other pleadings filed by the Plaintiff fails to demonstrate genuine issues of fact supporting the predominantly conclusory averments in Counts I and II of the Complaint.

## II.

The Defendants, the Sheriff of Oklahoma County and the Deputy Sheriff, contend that the Complaint should be dismissed based upon the following legal propositions:

PROPOSITION I: No Warrant is required to make a lawful arrest where the arrestee is a convicted felon unlawfully at liberty.

PROPOSITION II: A search incident to a lawful arrest does not violate one's constitutional rights.

PROPOSITION III: Failure to return property does not state a cognizable claim under 42 U.S.C. § 1983.

PROPOSITION IV: 42 U.S.C. § 1983 does not authorize an award of punitive damages.

PROPOSITION V: Vicarious liability of Sheriff J.D. Sharp under the theory of respondeat superior is impermissible.

The Court of Appeals has recently decided two cases involving actions against a sheriff and others alleging that the plaintiff was deprived of property without due process in violation of the Fourteenth Amendment. In *Coleman v. Turpen*, 697 F.2d 1341 (10th Cir.1982) the Court determined that the plaintiff had stated a cause of action under § 1983 for the deprivation of his camper, tools, and cash without due process of law. Further, the Court recognized the qualified immunity of the defendant sheriff as a public official who has responsibilities in connection with seized property. In *Coleman v. Faulkner*, 697 F.2d 1347 (10th Cir.1982) the decision of the trial court dismissing the action was reversed because the plaintiff had stated a cause of action under § 1983 for deprivation of property ($290.00) without due process of law. Therein, the Court noted that the existence of a state remedy may provide due process, and the state has provided plaintiff with an adequate post-deprivation remedy, it has done all the Fourteenth Amendment requires. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

The Defendants have urged the proposition that while a state officer may be civilly liable for unconstitutional acts, not every

tort committed against a private person by an official under state law gives rise to a deprivation of a constitutional right. *Jones v. Marshall,* 528 F.2d 132, 137 (2nd Cir. 1975). Thus, the invocation of the qualified immunity doctrine by an official acting under state law is in keeping with the scope of discretion of the office and the circumstances as they reasonably appear at the time of the action on which the liability is sought to be based. *Jones v. Marshal, supra* at 138.

■ The defense of good faith, if applicable, protects the defendants herein from § 1983 liability for actions taken in the performance of their duty. *Scheuer v. Rhodes,* 416 U.S. 232, 238–249, 94 S.Ct. 1683, 1687–1693, 40 L.Ed.2d 90 (1974); *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967); *Wood v. Strickland,* 420 U.S. 308, 318–320 (1975); *LeClair v. Saunders,* 627 F.2d 606, 608 (2nd Cir.1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). The defendants may only be held liable under § 1983 for a failure to do what is required or for overt activity that is unlawful and harmful and the official must know that the action or inaction is violative of constitutional rights. *Doe v. New York City Department of Social Services,* 649 F.2d 134, 141 (2nd Cir.1981); *Moore-Beidl v. Beaudoin,* 553 F.Supp. 404, 405 (N.D.N.Y.1981), *aff'd.* 697 F.2d 294 (2nd Cir.1982). It appears herein that the Defendant Johnson acted pursuant to the fugitive bench warrant and in executing the warrant searched the Plaintiff's apartment and seized certain items in plain view which appeared to indicate violations of law. The Plaintiff's claim of a lack of probable cause does not appear to be a viable or substantial issue where a bench warrant was ordered issued upon the affirmance of a direct appeal of a criminal conviction. In any event, it is certainly not improper to rely on hearsay evidence of a warrant (teletype) to support an arrest and that the Court should determine any probable cause issue herein as a matter of law. *Smith v. City of Oklahoma City,* 696 F.2d 784 (10th Cir.1983). It

is also not inappropriate for the Defendants to search the Plaintiff and the immediate area of his control without a warrant where the search was incident to a lawful arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). Execution of an order under these circumstances does not render the Defendant automatically immune, but the circumstances herein support application of the Defendant's good faith reliance on said bench warrant. *Turner v. Raynes,* 611 F.2d 92, 93 (5th Cir.1980), *cert. denied,* 449 U.S. 900, 101 S.Ct. 269, 66 L.Ed.2d 129 (1980); *Dick v. Watonwan County,* 551 F.Supp. 983 (D.Minn.1982). Resolution of the immunity issue in favor of the Defendants by summary judgment is appropriate and even recommended. *Butz v. Economou,* 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978).

■ The Oklahoma Legislature has specifically recognized the tort of false imprisonment as well as the right of every person to protection from bodily restraint or harm or personal insult as well as deprivation and injury to his personal relations. 76 O.S.1981 § 6. Not only does the evidence indicate that the Defendants acted reasonably and lawfully in the performance of their duties in execution of the bench warrant, any deprivation of Plaintiff's rights was de minimis or an isolated incident and procedural due process is protected by a meaningful post-deprivation remedy under the Oklahoma statutes. *Parratt v. Taylor, supra* 451 U.S. at 541, 101 S.Ct. at 1916 (1981); *Henderson v. Counts,* 544 F.Supp. 149 (E.D.Va.1982). In measuring the Defendants' conduct against the objective reasonable standard of *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), it is clear that the conduct herein parallels what a reasonable officer should or should not know about the law and the methodology of effecting its enforcement. In *Saldana v. Garza,* 684 F.2d 1159, 1165 (5th Cir.1982), the Court stated as follows:

Certainly we cannot expect our police officers to carry surveying equipment and a Decennial Digest on patrol; they cannot be held to a title-searcher's knowledge of metes and bounds or a legal scholar's expertise in constitutional law.

■ Further, the Defendant Sharp, Sheriff of Oklahoma County, is not shown to have participated in the arrest or to otherwise have deprived the Plaintiff of any rights, privileges, or immunities secured by the U.S. Constitution and his lack of personal participation is an additional ground of defense in his behalf to the Plaintiff's § 1983 action. *Bennett v. Passic,* 545 F.2d 1260, 1262–1263 (10th Cir.1976); *Linebarger v. Williams,* 77 F.R.D. 682, 684 (E.D.Okl. 1977); *Polk v. Montgomery County, Maryland,* 548 F.Supp. 613 (D.Md.1982).

The Clerk's records reveal that Plaintiff has been a prolific and vexatious litigant in this Court in his repeated filing of civil rights and habeas corpus actions. It further appears that Plaintiff has filed a § 1983 action in the Northern District of Oklahoma paralleling the instant claims against certain deputy sheriffs challenging actions taken in the execution of an arrest and search warrant. The District Court's dismissal under summary judgment procedures was recently affirmed on direct appeal. *Cotner v. Gardner, et al,* unpublished No. 82–2305 (10th Cir. filed Feb. 28, 1983). Therefore, since the Court finds this action is frivolous any appeal in forma pauperis is hereby denied. Rule 24, Fed.R.App.P., 28 U.S.C.A.

Accordingly, judgment will issue dismissing the Plaintiff's Complaint and the causes of action alleged therein and Plaintiff's Motion to Compel filed June 10, 1983, is stricken as moot.