Fred W. KOFF, Plaintiff,

v.

Robert A. BUTTERWORTH, Attorney General; Jeanne Clougher, Assistant Attorney General; The Florida Bar, Defendants.

No. 91–64–CIV–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

June 17, 1991.

by Susan V. Bloemendaal, Assistant Staff Counsel for the Florida Bar. Plaintiff was notified that his complaint was dismissed due to a lack of evidence substantiating his claims.

After the dismissal of his complaint before the Florida Bar, Plaintiff commenced this action. Plaintiff alleges that a letter, written by Defendant Clougher, on the stationery of the Office of the Attorney General of Florida constituted improper official influence into the investigation of the Florida Bar. He further alleges that this letter deprived him of his civil rights, entitling him to relief pursuant to 42 U.S.C. § 1983. In response, all three defendants and the Florida Supreme Court have filed motions to dismiss the action. In addition, Defendants Clougher and Butterworth have filed a supporting affidavit from Ms. Bloemendaal and a motion for summary judgment.

Fred W. Koff, pro se.

Brian S. Duffy, Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## ORDER ON MOTIONS TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendants' motions to dismiss Plaintiff's pro se complaint pursuant to 42 U.S.C. § 1983.

### I. BACKGROUND

This controversy arises out of a discipline proceeding conducted by the Florida Bar, one of the Defendants. In that proceeding, the Plaintiff alleged that Defendant Clougher and two other attorneys colluded to pay a $500 bribe in order to influence the outcome of a competency hearing. The competency hearing was collateral to a contested divorce and it is the Plaintiff's contention that the bribe was paid in order to maximize attorney's fees pursuant to the divorce.

The Florida Bar dismissed Plaintiff's complaint after an initial review conducted

### II. DISCUSSION

On a motion to dismiss, the Court must read Plaintiff's pro se allegations liberally, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). The complaint, after consideration under this more lenient standard, should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). With this standard in mind, the Court turns to a consideration of Plaintiff's claims.

To maintain an action under 42 U.S.C. § 1983,[1] Plaintiff must prove two elements: (1) that he was deprived of "rights, privileges or immunities" protected by the Constitution or federal law; and, (2) that the deprivation was caused by a person acting under color of law. *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir.1987); *Dan-*

---

1. § 1983 states in relevant part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

**718**

*iels v. Williams,* 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); *Cornelius v. Town of Highland Lake, Ala.,* 880 F.2d 348, 352 (11th Cir.1989). An action pursuant to § 1983 will impose liability only "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979); *Wideman,* 826 F.2d at 1032.

■ Upon careful examination of the complaint and the supporting documents, the Court can find no allegation that the Plaintiff was deprived of any Constitutional right. Because Plaintiff enjoys no Constitutional right to have complaints heard before the Florida Bar, no § 1983 claim may be sustained against any party in this suit regardless of the circumstances surrounding the dismissal.

■ Normally, a pro se civil rights plaintiff must be allowed to freely amend defective pleadings. *Holmes v. Goldin,* 615 F.2d 83, 85 (2d Cir.1980). Such a complaint may not be dismissed with prejudice "unless it appears to a certainty that plaintiff [is] entitled to no relief under any state of the facts." *Escalera v. New York City Housing Authority,* 425 F.2d 853 (2d Cir. 1970); *Holmes,* 615 F.2d at 85. The Court believes, however, that circumstances allowing a dismissal with prejudice are present in this case. In light of the prior discussion, the Court cannot perceive any possible basis on which the complaint may be amended to allege the violation of a Constitutional right in the dismissal of his complaint before the Florida Bar. The Court notes, however, that Plaintiff may be able to maintain an action on these facts based on some other theory of law. This decision is not meant to preclude such an effort. Accordingly, it is

ORDERED that Defendants motions to dismiss be granted; and the Clerk of the Court shall enter judgment for the Defendants.

DONE and ORDERED in Chambers, in Tampa, Florida, this 17th day of June, 1991.