FILED
United States Court of Appeals
Tenth Circuit

December 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CECIL BYNUM,

        Plaintiff-Appellant,

v.

MUNICIPALITY, CITY AND COUNTY
OF DENVER; KERI JOHNSON; DAVID
RYAN; A.P. RICHMOND; J. CASIAS;
J. ANDREWS; J. SIMMONS; ROBERT
HART,

        Defendants-Appellees.

No. 13-1109
(D.C. No. 1:12-CV-00064-WYD-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

Mr. Cecil Bynum, a Colorado prisoner, sued under 42 U.S.C. § 1983 for events

occurring over six years earlier. The district court concluded that the claims were

---

[*]     After examining the briefs and appellate record, the Court has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

    This order and judgment does not constitute binding precedent except under
the doctrines of law of the case, res judicata, and collateral estoppel. Nonetheless,
the order and judgment may be cited for its persuasive value under Fed. R. App. P.
32.1 and 10th Cir. R. 32.1.

time-barred and dismissed the action. Mr. Bynum appeals the dismissal and seeks leave to proceed in forma pauperis. We affirm the dismissal, but allow Mr. Bynum to proceed in forma pauperis.

## I. THE ALLEGATIONS AND THE TIMING OF THE UNDERLYING EVENTS

Mr. Bynum brought the present action no earlier than January 9, 2012.[1] In the suit, he claims that law enforcement personnel: (1) seized his belongings on April 14, 2004, and failed to return them for roughly thirteen months, and (2) committed an assault on January 27, 2005.

The Defendants moved for dismissal under Fed. R. Civ. P. 12(b)(6), arguing that the complaint failed to state a valid claim because the allegations in the complaint were untimely. The district court agreed and dismissed the action.

## II. THE STATUTE OF LIMITATIONS

We review de novo a district court's determination on timeliness. *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998). Because Mr. Bynum is pro se, we liberally construe his pleadings, but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

---

[1] The complaint was file-stamped on January 11, 2012. But it was mailed to the court clerk on January 9, 2012. If Mr. Bynum used the prison-mail system, the complaint would have been deemed "filed" on January 9, 2012. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998). Otherwise, the "filing date" would have been January 11, 2012, when the complaint was file-stamped by the court clerk.

The limitations period is two years. *See Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). Because Mr. Bynum did not sue before January 9, 2012, we must decide whether the cause of action accrued before January 9, 2010.

The claims accrued when Mr. Bynum knew, or had reason to know, of the injury that formed the basis of the suit. *See id.* "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). For the sake of argument, we consider the accrual date to be the latest of the events giving rise to Mr. Bynum's claims (January 27, 2005), when one of the defendants allegedly used excessive force while arresting him. By then, Mr. Bynum certainly knew or should have known that he had been beaten and that his belongings had been seized. Still, he waited until January 9, 2012 (at the earliest) to initiate the present action. Therefore, the claims would be untimely unless the limitations period is tolled.

Mr. Bynum urges equitable tolling. The district court decided that Mr. Bynum was not entitled to equitable tolling, and we review that decision for an abuse of discretion. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). In doing so, we conclude that the district court acted within its discretion by declining the request.

Equitable tolling is governed by Colorado law. *See id.* ("In a § 1983 action, state law governs issues regarding the statute of limitations and tolling."). For

equitable tolling in Colorado, claimants must show that extraordinary circumstances prevented them from filing the suit within the limitations period. *See Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097 (Colo. 1996) (stating that equitable tolling rests on the principle "that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible").

The district court acted within its discretion in concluding that Mr. Bynum's circumstances did not prevent him from suing. Indeed, he sued on the same cause of action in state court on January 3, 2006, which was within the two-year limitations period for his federal claims. The state district court dismissed the action without prejudice, and that suit did not toll the limitations period. *See King v. W.R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982).

Mr. Bynum argues that the state district court should not have dismissed this suit or two others. But Mr. Bynum did not need to sue in state court before suing in federal court under § 1983. *See Coleman v. Faulkner*, 697 F.2d 1347, 1349 (10th Cir. 1982) (per curiam) ("Section 1983 does not require exhaustion of state judicial remedies."). He chose to do so. And if the state courts mishandled his prior suits, he cannot use the errors in state court to extend his time to sue in federal court.

Finally, Mr. Bynum argues in his reply brief that he had no way of learning about the two-year period of limitations because of the scarcity of legal materials where he was housed. But this argument was omitted in Mr. Bynum's opening brief.

Thus, we decline to address this argument. *See United States v. Murray*, 82 F.3d 361, 363 n.3 (10th Cir. 1996) ("We decline to consider arguments raised for the first time in a reply brief.").

Without tolling, the limitations period started on January 27, 2005 (at the latest) and ended by January 27, 2007. But Mr. Bynum did not begin the present suit until January 9, 2012, at the earliest. This filing was almost five years too late, and the federal district court properly dismissed the action on the ground of timeliness. As a result, we affirm.[2]

## III.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Though we affirm, we grant Mr. Bynum's motion for leave to proceed in forma pauperis. With this leave, Mr. Bynum need not prepay the filing fee. But, he remains obligated to make partial payments on his filing fee until it is paid in full.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]    Mr. Bynum also argues that the district court erred in concluding that he failed to state a claim for municipal liability. But the district court's dismissal rested on timeliness, not insufficiency of the allegations for municipal liability. As a result, we need not address this argument.